Revised 03/06 WDNY

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK



FILED
NOV 19 2019

FORM TO BE USED IN FILING A CIVIL COMPLAINT IN FEDERAL COURT
(Non-Prisoner Context)

All material filed in this Court is now available via the **INTERNET**. See **Pro Se Privacy Notice** for further information.

## 1. CAPTION OF ACTION

19 CV 6859

**A.  Full Name of Plaintiff:** NOTE: *If more than one plaintiff files this action and seeks in forma pauperis status, **each** plaintiff must submit an in forma pauperis application or the only plaintiff to be considered will be the plaintiff who filed an application.*

Carlos A. Santiago
Melissa A. Laffredo

-vs-

**B.  Full Name(s) of Defendant(s)** NOTE: *Pursuant to Fed.R.Civ.P. 10(a), the names of all parties must appear in the caption. The court may not consider a claim against anyone not identified in this section as a defendant.* Add a separate sheet, if necessary.

1. City of Rochester Police Department North Clinton (Goodman) Section
2. Officer Tyshon Williams
3. Officer Joseph Bonacci
7. Other officers names unknown
4. Officer Mary Barnes
5. Seargent Melanie Rivera
6. District Attorney Kristen Sippel
8. Lieutenant name unknown

## 2. STATEMENT OF JURISDICTION, VENUE and NATURE OF SUIT
*All of these sections **MUST** be answered*

*Identify the basis for federal Court jurisdiction over your claim, such as that the United States government is a party to the action, all the parties reside in different states and therefore you claim diversity jurisdiction, or the claim presents a federal question or arises under federal law.*

A.  Basis of Jurisdiction in Federal Court: Plaintiffs mailing address: Carlos A. Santiago resides at 71 Hillview Dr. Rochester, NY 14622; Melissa A. Laffredo resides at 37 Linnet St. Rochester NY 14613. The City of Rochester and all officers and district attorney work in Rochester, NY.

*State why the Western District of New York is the proper venue for this action, such as that your claim arises in or the defendant resides in the 17 westernmost counties of New York State.*

B.  Reason for Venue in the Western District: The claim arises in Monroe County, of Rochester, New York.

*Identify the nature of this action, such as that it is a civil rights claim, a personal injury or personal property (tort) claim, a property rights claim, or whatever it is.*

C.  Nature of Suit: The Plaintiffs intend to sue for: The tort of negligence for false arrest, false detainment, false imprisonment without bail, malicious prosecution, coersion, mental assault/abuse and psychological torment, as well as pain and suffering and punative damages.

### 3. PARTIES TO THIS ACTION

**PLAINTIFF'S INFORMATION** NOTE: *To list additional plaintiffs, use this format on another sheet of paper.*

Name of First Plaintiff: Carlos A. Santiago

Present Address: 71 Hillview Dr. Rochester, NY 14622
(585) 339-9946

Name of Second Plaintiff: Melissa A. Laffredo

Present Address: 37 Linnet St. Rochester, NY 14613
(585) 286-5169

**DEFENDANT'S INFORMATION** NOTE: *To list additional defendants, use this format on another sheet of paper.*

Name of First Defendant: City of Rochester Police Department North Clinton Goodman Section

Official Position of Defendant (if relevant): _____

Address of Defendant: Rochester, New York

Name of Second Defendant: Tyson Williams, Joseph Bonacci, Mary Barnes, other officers names unknown

Official Position of Defendant (if relevant): Rochester Police Officers Lieutenant name unknown

Address of Defendant: Rochester, NY

Name of Third Defendant: Seargent Melanie Rivera

Official Position of Defendant (if relevant): Police Seargent

Address of Defendant: Rochester, NY

Fourth Defendant: District Attorney Kristen Sippel

Official Position: District Attorney

Address of Defendant: Rochester, NY

### 4. PREVIOUS LAWSUITS IN STATE AND FEDERAL COURT

A. Have you begun any other lawsuits in **state or federal court** dealing with **the same facts involved in this action**?

Yes ✗   No ___

If Yes, complete the next section. NOTE: *If you have brought more than one lawsuit dealing with the same facts as this action, use this format to describe the other action(s) on another sheet of paper.*

1. Name(s) of the parties to this other lawsuit:

Plaintiff(s): Carlos A Santiago

Defendant(s): Officer Shawn Jordan (Goodman Section) North Clinton, Rochester Police Department; Jeananne O'Dell, R.N. (Rochester City Jail)

2. Court (if federal court, name the district; if state court, name the county): United States District Court Western District of New York, Monroe County

3. Docket or Index Number: 6:14-CV-06719-FPG-MJP

4. Name of Judge to whom case was assigned: Honorable Frank P. Geraci

5. The approximate date the action was filed: 12/19/14

6. What was the disposition of the case?

    Is it still pending? Yes _X_ No____

        If not, give the approximate date it was resolved._____

    Disposition (check those statements which apply):

    ____ Dismissed (check the statement which indicates why it was dismissed):

        ____ By court *sua sponte* as frivolous, malicious or for failing to state a claim upon which relief can be granted;

        ____ By court for failure to prosecute, pay filing fee or otherwise respond to a court order;

        ____ By court due to your voluntary withdrawal of claim;

    ____ Judgment upon motion or after trial entered for

        ____ plaintiff
        ____ defendant.

---

## 5. STATEMENT OF CLAIM

**Please note** that it is not enough to just list the ground(s) for your action. You **must** include a statement of the facts which you believe support each of your claims. In other words, just tell the story of what happened and do not use legal jargon.

**Fed.R.Civ.P. 8(a)** states that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "The function of pleadings under the Federal Rules is to give fair notice of the claim asserted. Fair notice is that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so it may be assigned the proper form of trial." Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995).

**Fed.R.Civ.P. 10(b)** states that "[a]ll averments of claim ... shall be made in numbered paragraphs, the contents of each of which shall be limited as far a practicable to a single set of circumstances."

---

**A. FIRST CLAIM:** On (*date of the incident*) _____,
defendant (*give the **name and (if relevant) the position held** of each defendant* involved in this incident) _____
_____
_____

3

did the following to me (*briefly state what each defendant named above did*): _____

_____

_____

_____

_____

_____

_____

The federal basis for this claim is: Carlos already has an action 6:14-CV-06719-FPG-MJP involving Rochester Police Department and officers.

State briefly **exactly** what you want the Court to do for you. *Make no legal arguments and cite no cases or statutes*: The items of damages claimed are: Continues exploitation of the North Clinton Goodman section Rochester Police Department Officers. Pain, suffering, humiliation, defamation, malicious prosecution, mental abuse, psychological torment, racial profiling, denial of my constitutional rights/human rights.

**B. SECOND CLAIM:** On (*date of the incident*) _____,

defendant (*give the name and (if relevant) position held of each defendant involved in this incident*) _____

_____

_____

did the following to me (*briefly state what each defendant named above did*): _____

_____

_____

_____

_____

_____

_____

The federal basis for this claim is: _____

_____

State briefly **exactly** what you want the Court to do for you. *Make no legal arguments and cite no cases or statutes*:

_____

_____

**If you have additional claims, use the above format to set them out on additional sheets of paper.**

4

A. First Claim: On (date of incident) defendant (give the <u>name</u> and (if relevant) <u>the position held</u> of <u>each defendant</u> involved in this incident)

The incident occurred on August 22nd, 2018, at or about 10:45pm at 32 Woodlawn St., Rochester, NY 14607. Carlos A. Santiago pressed charges on Gary Cook (3/1/78) of 29 Woodlawn St., Rochester, NY 14607, he (Gary) was ~~arrested~~ arrested for harassment and menancing with a knife, threatening to kill Carlos, Melissa, Cierra, Mia A Santiago (Carlos and Melissa's daughter (3/11/11)) and her (Mia) dog, Huracan (11/11/16) and bury them in his front yard. Gary was taken into custody and to jail. Released on bail and back on his porch, drinking alcohol at 1:45am, August 23rd, 2018. Cook proceeded to taunt and threaten Melissa and Cierra. Cook called 911 and Officers came to 32 Woodlawn St., Rochester, NY 14607, looking for a 22 caliber pistol that allegedly was used to threaten to kill him (Gary) by Carlos A. Santiago. Seargent Melanie Rivera, officers Tyshon Williams, Joseph Bonacci, Mary Barnes, Elliott, and other officers names unknown,

proceeded to conduct an unlawful investigation based on Gary Cook's statement while he was intoxicated and continuously drinking on video from officer's body cam footage. Gary Cook (3/1/78) has also charges prior to his arrest on 8/22/18, more than 9 misdemeanor charges and 3 felony charges. Officers falsely detained Carlos A. Santiago and Cierra Taylor, while Seargent Rivera mentally abused and coerced Melissa A. Laffredo to produce the weapon in question. Seargent Rivera verbally abused Melissa, she (Rivera) continued to pressure Melissa to give her (Rivera) the pistol. Melissa repeatedly told Seargent Rivera that Carlos did not have a pistol and that Cook was arrested for threatening to kill her, Cierra, Mia, Carlos, and their dog Huracan, and that he (Cook) was lying, and he was intoxicated and they cannot honestly believe a man who was drinking and "out to get" Carlos for having him arrested a few hours ago. Seargent Rivera threatened Melissa with her and Carlos's daughter, Mia, to be taken away from her and that she (Melissa) and Carlos would both be arrested for the 22 caliber pistol in question that the officers "knew" Carlos had hidden on the

premises at 32 Woodlawn St., Rochester, NY 14607, where she (Rivera) said she saw Carlos put it under a mattress in the downstairs apartment, where Cierra Taylor lived. Melissa told Seargent Rivera to produce a warrant since she was certain and seen Carlos hide the pistol. She and a Lieutenant (name unknown) told Melissa that they had a signed warrant and that if she didn't sign a small index card to give officers permission to go into Melissa's apartment they would tear apart her place and "who knows what else they would find" and they would take her daughter away and she would also be arrested. Under duress, Melissa told Seargent Rivera that she had a shot gun in the attic. Melissa also told Seargent Rivera that the shot gun was not loaded and that it was her legal right to have a shot gun in her home in New York State. Under duress, Melissa signed the index card and Seargent Rivera told Melissa if the shot gun was exactly where she said it was they would secure the weapon for safety purposes and release Carlos and Cierra. They removed Melissa's legal 12 gauge Remington shot gun from her attic, and released Cierra, then

allowed Melissa to enter her apartment to check on her daughter, Mia, who was sleeping upstairs. When Melissa came downstairs to bring her dog back inside her home, she saw Carlos being driven away in a police car. An officer who was still parked on Woodlawn St, Rochester, NY 14607, told Melissa that Carlos was still under investigation and he was being taken downtown for more questioning. Melissa went upstairs and called the Rochester City Jail and she was told Carlos was arrested for the gun charge and he had court in the morning. Carlos spent 6 days in jail, without bail, then released because the Grand Jury did not have enough evidence to indict Carlos on the felony gun charge. The district attorney, Kristen Sippel, proceeded to try Carlos on a misdemeanor gun charge and menancing and a violation of an order of protection in Honorable Michael Lopez's Rochester City Court. All charges were dismissed at trial by Honorable Lopez. Carlos A. Santiago's mental and psychological health and well-being have once again been compromised, as well as Melissa A Laffredo's, and their daughter, Mia A Santiago due to the on going harassment and racial profiling

of the North Clinton Goodman Section of the Rochester Police Department and it's Officers. Carlos A. Santiago presently suffers from severe Post Traumatic Stress Disorder due to this on going continuous vicious cycle and said procedures of the police officers in the North Clinton Goodman Section of the Rochester Police Department repeatedly abusing, harrassing, arresting, unlawfully psychological warfare, adding insult to injury since March 6th, 2012, when Officer Shawn Jordan, Joseph Ranocci, Mary Barnes, and other officers of the same RPD Section Goodman/North Clinton, Jordan assaulted brutally Carlos, dislocated his right shoulder, tore his rotator cuff requiring surgery. All officers present on 3/6/12, allowed Jordan to assault Carlos and not treat him medically before taking him to jail. Officers were also present on 8/23/18, and arrested Carlos falsely, and conducted an unlawful investigation which in all charges against Carlos were once again dismissed. Also Sergeant Melanie Rivera breached confidentiality by releasing false information regarding the events of 8/22/18 - 8/23/18 to her father and step mother, told to Melissa A. Loftredo, by

incident 8/23/18, in direct violation of Rochester Police Department Rules and Regulations 4.8 Discussing Evidence a) and b), among other Rules and Regulations violated from the North Clinton Goodman Section of the Rochester Police Department.

## 6. SUMMARY OF RELIEF SOUGHT

*Summarize the relief requested by you in each statement of claim above.*

We are asking for $2,000,000 for the court to award Carlos A Santiago and Melissa A. Laffredo for the tort of negligence, for false arrest, false detainment, false imprisonment without bail, malicious prosecution, mental assault and abuse, and psychological torment, as well as pain and suffering continous from the North Clinton Goodman Section Rochester Police Department to us and our family and punative damages

Do you want a **jury trial**? Yes____ No _X_

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  11/19/19
(date)

**NOTE:** *Each* plaintiff must sign this complaint and must also sign all subsequent papers filed with the Court.

*Carlos A Santiago*
*Melissa A. Laffredo*

Signature(s) of Plaintiff(s)

Supreme Court of the State of New York
County of Monroe
In the Matter of the claim of
Carlos A Santiago, Cierra Taylor,
Melissa A. Loffredo

- against -

City of Rochester, the City of Rochester
Police Dept North Clinton Section
Officers names unknown, Seargent
Melanie Rivera, Leutenant unknown

Please take notice that the claimants
herein hereby makes claim and
demand against you as follows:

1. The name and post-office address
of the claimant and of his/her
attorney is:

Claimant
Carlos A Santiago
71 Hillview Dr
Rochester, NY 14622
(585) 339-9946

Claimants Attorney

PRO SE

| Claimant | Claimant's Attorney |
|---|---|
| Cierra Taylor (585)415-0807<br>32 Woodlawn St<br>Rochester, NY 14607 | PRO SE |

| Claimant | Claimants Attorney |
|---|---|
| Melissa A Laffredo (585)286-5169<br>32 Woodlawn St<br>Rochester, NY 14607 | PRO SE |

2. The nature of claim:
   The tort of negligence for false arrest, false detainment, false imprisonment for 6 days without bail, malicious prosecution, assault mental and psychological torment. as well as pain and suffering and punative damages.

3. The time when, the place where and the manner in which the claim arose:
   The incident occurred on August 22nd 2018, at or about 10:45 pm at 32 Woodlawn St Rochester, NY 14607. We had

Gary Cook, 3/1/78, 29 Woodlawn St. Rochester, NY 14607 arrested for pulling a knife on us and threatening to kill us, Carlos and Melissa's daughter, Mia A Santiago, and their dog, and bury us all in his front yard. Subsequently Gary Cook was arrested and taken to jail. Released on bail and back on his porch at 1:45 am August 23rd 2018. Gary Cook called 911 and police came to 32 Woodlawn St looking for a 22 caliber pistol that supposedly was used to threaten to kill him by Carlos A. Santiago. Seargent Melanie Rivera and other officers names unknown proceeded to conduct an unlawful investigation based on a convicted Felons statement after his arrest and he was also intoxicated. The Rochester police falsely detained Carlos A Santiago and Cierra Taylor, while they mentally abused and coersed Melissa Laffredo to produce the weapon.

~~and~~ Melissa A Iaffredo was threatened with her daughter to be taken away and her being arrested for the 22 caliber pistol that they knew Carlos had hidden on the property at 32 Woodlawn St. Rochester, NY 14607. Melissa Iaffredo ~~said~~ stated the only weapon was her shot gun in the attic. They removed her legal gun from the property, released Cierra Taylor from police car and took Carlos A Santiago to jail without bail for 6 days. Then released him because the District Attorney could not move forward with the sworn statement of Gary Cook stating he had a shot gun vs. the 911 call stating it was a 22 caliber pistol. ~~A~~ Also Melanie Rivera breached confidentiality by releasing false information to her father and step mother regarding this case.

4. The damages incurred claims are:

pain, suffering, humiliation, defamation and punative damages. That said claim and demand is hereby presented for adjustment and payment. You are hereby notified that unless it is adjusted and paid within the time provided by law from the date of presentation to you, the claimants intends to commence ~~an~~ an action on this claim.

Dated:
November 19th, 2018

Rochester, NY

_Carlos A Santiago_

_Cerrut_

_melissa A Laffredo_

I _Carlos A Santiago Sierras. TAHOY_  _melissa A. Laffredo_ are the claimants in the above-entitled action. I have read the foregoing complaint and know the contents thereof. The contents are true to my own knowledge except as to matters therein stated to be alleged upon information and belief, and as to those matters, I believe them to be true.

_____
Carlos A Santiago

_____
[signature]

_____
Melissa A Loffredo

Sworn to this 19th day
of November 2018

_____
Ellen C. Tomasso, Esq.

ELLEN ANDERSON TOMASSO
Notary Public, State of New York
No. 02TO6174798
Qualified in Monroe County
Commission Expires September 24, 20__

RECEIVED

2018 NOV 19 P 4: 11

CITY OF ROCHESTER
LAW DEPARTMENT



*Application for Access to Records*
*Freedom of Information Law (FOIL)*
Monroe County, New York

I hereby apply to ◯ inspect ●obtain a copy of the following records:*

Please be specific:

① Video Footage on 10/16/18 Monroe County Jail S. Plymouth Booking Video / Strip search Room (Melissa) Garage enterance to MCJ from Hrs 3pm – 10 pm

② Detailed Dispatch Log for 10/16/18 1pm – 10 pm   32 Woodlawn St.

③ Detailed Dispatch Log for 8/22/18 – 8/23/18 32 Woodlawn St                  8pm – 12 pr

mlaffredo2@gmail.co

Name: Melissa Laffredo
Signature: Melissa Laffredo
Representing: (if applicable) Melissa Laffredo / Carlos Santiago
Date: 9/19/19
Mailing Address: 71 Hillview Dr
Telephone: (include area code) (585) 773-8159
City, state, zip code: Rochester, NY 14622

*There is no charge for the inspection of documents; however, if duplication is requested by you, a charge of $.25 per page is payable to Monroe County.
Notice: You have a right to appeal denial of this application.
**Send Request to:**
Monroe County Access Officer
204 County Office Building • 39 West Main Street • Rochester, New York 14614
*Phone:* (585) 753-1080 • *fax:* (585) 753-1068 • *email:* communications@monroecounty.gov
www.monroecounty.gov

JS 44 (Rev. 08/18)

# CIVIL COVER SHEET

19 CV 6859 G

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Carlos A Santiago
Melissa A Laffredo

**(b)** County of Residence of First Listed Plaintiff: Monroe County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Pro Se

## DEFENDANTS
City of Rochester Police Department North Clinton Goodman Section Seargent Melanie Rivera

County of Residence of First Listed Defendant: Monroe County
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

[USDC-WDNY stamp NOV 19 2019 ROCHESTER]

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/Exchange |
| | | | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights / **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - Other / **Other:** ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ 2,000,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE: Honorable Frank P. Geraci
DOCKET NUMBER: 6:14-CV-06719-FPG

DATE: 11/19/19
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____