United States District Court

Western District of New York



Carlos A. Santiago
71 Hillview Drive
Rochester, New York 14622

Melissa A. Laffredo
37 Linnet Street
Rochester, New York 14613

Plaintiff,

V.

6:19-CV-6859-FPG

Motion to Reverse
Judgement

CITY OF ROCHESTER
30 Church Street
Rochester, New York 14614

Tyshon Williams,
individually and in his capacity
as a City of Rochester Police Officer,
630 North Clinton Avenue
Rochester, New York 14605

Joseph Bonnacci,
individually and in his capacity
as a City of Rochester Police Officer,
630 North Clinton Avenue
Rochester, New York 14605

Brad Elliott, individually and
in his capacity as a
City of Rochester Police Officer,
630 North Clinton Avenue
Rochester, New York 14605

Mary Barnes, individually and
in her capacity as a

City of Rochester Police Officer,
630 North Clinton Avenue
Rochester, New York 14605

Melanie Rivera, individually and in her
capacity as a City of Rochester
Police Officer,
630 North Clinton Avenue
Rochester, New York 14605

John Doe(s), individually and
in his/her capacity as a
City of Rochester Police Officer,
630 North Clinton Avenue
Rochester, New York 14605

Defendants.


Dear Honorable Geraci,
 We, Melissa A. Laffredo and Carlos A. Santiago, ProSe Informa Pauperis, are
addressing the court today in case number 6:19-CV-6859.
According to the docket there is a Decision and Order submitted and filed on July
30th 2021 that has granted the defendant's motion for judgment on the pleadings
and plaintiffs amended complaint is dismissed with prejudice and this case is
closed.
With respect to this decision we have found in federal rule civil procedure 59 new
trial altering or amending a judgment (a)in General (2) further action after a
non-jury trial the court May on motion for a new trial open the Judgment if one has
been entered take additional testimony ~~a mens~~ *amend* findings of fact and conclusions of
law or make new ones and direct the entry of a new judgment. (b) time to file a
motion for new trial.
 A motion for a new trial must be filed no later than 28 days after the entry of the
judgment.  (d) New trial on the court's Initiative for reasons not in the motion. No
later than 28 days after the entry of judgment, the court, on its own, may order a
new trial for any reason that would justify granting one on a party's motion. After
giving the parties notice and an opportunity to be heard, the court May Grant a
timely motion for a new trial for a reason not stated in the motion. In either event,
the court must specify the reason in the order. (e) motion to alter or amend a
judgment. A motion to alter or amend a judgment, must be found no later than 28
days after the entry of judgment

In accordance to this rule it is 28 days since the Judgment was granted. The plaintiff's amended complaint is dismissed with prejudice on behalf of the defendant's motion for judgment on the pleadings being granted. If it pleases the court we are asking for reconsideration and for this judgment to be reversed. We asked for our attorneys to be withdrawn on our own because there was a lack of communication. Mr. Rupp and Mr. Davenport were not communicating with us properly, as we did have a phone status conference on December 10th, 2020 which is after they had originally responded to Mr. Noone and the City of Rochester motion for judgment on the pleadings which happened on October 16th 2020. Carlos and I were unaware that this was even going on that's why I'm asking for a reversal on this judgment. Also in Rule 60 of FRCP relief from a judgment or order of Corrections based on clerical mistakes, oversights and omissions. The court May correct a clerical mistake or a mistake arising from oversight or Omission whenever one is found in judgment, order, or other part of the records. The court may do so on motion or on its own with or without notice. (b) Grounds for relief from a final judgment order proceeding on a motion and just terms the court may relieve a party of its legal representation of representative from a final judgment order for seeing for the following reasons (1) mistake, inadvertence, surprise or excludable neglect; (2) newly discovered evidence that, with reasonable diligence could not have been discovered in time to move for a new trial under rule 59(b) (3) fraud whether previously called intrinsic or extrinsic misrepresentation or misconduct by an opposing party; and d (2) Grant relief under 28 USC 1655 defendant who is not personally notified of the action or (3) set aside a judgement for fraud on the court. As we have stated before, Carlos and I were not aware so we should be granted the relief under 28 usc 1655, that's why we wanted to withdraw Davenport and Rupp as our attorneys and did not know that Mr. Noone filed a final answer to Davenport's opposition for this motion on December 1st, 2020.and Your ruling, Your Honor, was placed and so ordered on July 30th, 2021. Today is the 28th of days so we're asking if it pleases the court for this judgment to be reversed. We also including the transcript from August 24th, 2021 where I asked Magistrate Pedersen if this was possible. Also we found in federal rules and civil procedures rule number 37 says that a station _a sanction_ can be brought to the defendant for not participating properly in the discovery plan it's rule 37 the last page page 63 or federal rules of civil procedures under a failure to participate in framing a discovery plan. If party or it's attorney fails to participate in good faith and developing and submitting a proposed discovery plan and is required by 26(f) after court, May after giving an opportunity to be heard require the party or trying to pay including pretty please caused by this failure and we had to pay for the transcripts and (C) dismiss the action and enter a default judgement and Mr.Noone motioned a default judgement and it has been granted. Mr. Noone is in default, he did not adhere to our proposed Discovery plan for first set of interrogatories and document requests. He had plenty of time to respond and then he filed this motion which was granted for judgment. Again we

are asking if it pleases the court for this to be reversed. We have been granted permission to receive pro bono Council through honorable Pedersen, he told me to let you know also in this letter that he is looking for an attorney to represent Carlos and I, 6:14–CV–6719, 6:19–CV–6860,and as such in this matter however I needed to file this paperwork today in order for it to be heard because there could not be an extension granted under the federal rules of civil procedures for rule 59. Thank you so much for allowing us to be heard. We apologize in advance for any errors in writing or in proper legal etiquette for this to be filed as we are representing ourselves as Pro Se,  Informa pauperis.

*Carlos A Santiago*

*Melissa A Raffredo*

2

1
2       **THE CLERK:**  We are on the record for case numbers

3       14-CV-6719, Santiago vs. the City of Rochester, et al., and

4       19-CV-6860 Santiago, et al. vs. City of Rochester Police

2:41PM  5       Department, et al.

6           Good afternoon, everyone.

7           (All say good afternoon.)

8       **MAGISTRATE JUDGE PEDERSEN:**  So first order of business

9       was the affidavits, financial affidavits.  I have reviewed

2:42PM  10      both the financial affidavits and I find that you do qualify,

11      so I am going to grant your request to have pro bono counsel

12      assigned.  It's a matter of finding somebody now who will

13      take the case.

14          Sometimes I decide to limit the assignment to make the

2:42PM  15      case more attractive to free lawyers so I might limit it to

16      just the discovery portion and answer any motions to dismiss

17      the case.  And then from there, that lawyer, after he or she

18      engages with you, might decide to expand and continue on.  If

19      not, then when the lawyer finishes the assignment, then he or

2:42PM  20      she will self-terminate, and then you can ask me if you want

21      another attorney for the next phase of the case.

22          All right.  So that takes care of that particular issue.

23      That's ECF number 29 in one of the cases.

24          What other business do we have to bring today?

2:43PM  25          (No response.)

3

2:43PM   1    **MAGISTRATE JUDGE PEDERSEN:**  We need the names of the

2    appearances.  I'm going to have you announce yourselves

3    starting from my far right, your left.

4    **MS. RODI:**  Thank you, your Honor Maria Rodi, Monroe

2:43PM   5    County Law Department for the Monroe County defendant in the

6    2014 case.

7    **MR. NOONE:**  Christopher Noone, City of Rochester Law

8    Department.  I'm here in both actions on behalf of the city

9    and the police officers who were named as defendants.

2:43PM   10    **MR. SANTIAGO:**  Carlos Santiago, plaintiff.

11    **MS. LAFFREDO:**  Melissa Laffredo, plaintiff.

12    **THE CLERK:**  Your Honor, I will also note we have

13    Christopher Defrancesco appearing for Nurse Jeanine O'Dell

14    (phonetic) who is appearing by telephone today.

2:44PM   15    **MAGISTRATE JUDGE PEDERSEN:**  Hello Mr. Defrancesco.

16    **MR. DEFRANCESCO:**  Good afternoon, your Honor.

17    **MAGISTRATE JUDGE PEDERSEN:**  So, Mr. Santiago, since you

18    have both cases as plaintiff, did you want to start?

19    **MS. LAFFREDO:**  Yeah, all the information Melissa

2:44PM   20    Laffredo has on my behalf.  She has it right there on the

21    paper all the questions and what is it we want to discuss.

22    **MAGISTRATE JUDGE PEDERSEN:**  So, Ms. Laffredo, it sounds

23    like you're going to be the spokesperson person here.  Would

24    you start with what case number we're talking about and then

2:44PM   25    give me the question.

4

2:44PM  1      **MS. LAFFREDO:**  So, all the case numbers for Mr. Noon,

2      he's representing the city of Rochester and all the officers

3      individually, isn't it a conflict of interest because they're

4      all co-defendants?

2:44PM  5      **MAGISTRATE JUDGE PEDERSEN:**  We've had this issue come up

6      before.  And what happens:  If the officers are acting within

7      the scope of their employment, then the city represents them

8      and indemnifies them.  If the City finds that there's a

9      conflict that develops during the course of the discovery,

2:45PM  10     then the City will ask to be removed from one of the officers

11     and the City will be responsible for paying for a lawyer to

12     represent that particular officer or officers who are in

13     conflict.

14     **MR. SANTIAGO:**  How would we know that?

2:45PM  15     **MAGISTRATE JUDGE PEDERSEN:**  The City would have to tell

16     us.  That would be Mr. Noon, of course.  The City isn't going

17     to come here Mr. Noon would tell us.  He's ethically

18     obligated to tell us.

19     **MR. SANTIAGO:**  He defends the city of Rochester.

2:45PM  20     (WHEREUPON, court reporter interrupted for clarification.)

21     (WHEREUPON, a discussion was held off the record.)

22     **MAGISTRATE JUDGE PEDERSEN:**  Miss Laffredo, next

23     question.

24     **MS. LAFFREDO:**  So because we are pro se and we've been

2:46PM  25     pro se since we removed our attorneys -- and I do want that

2:46PM  1  on record, there was not at one point that they were

2  withdrawing because they wanted to withdraw.  It was my

3  motion that started this on November 12th, 2020.

4       And there was a telephone conference that took place on

2:46PM  5  December 10th, 2020.  Mr. Noon was very late to that

6  telephone conference.  I'm not sure at what time he was -- he

7  phoned in but I had done a lot of explaining and pleading

8  emotionally over the phone due to what was going on with our

9  attorneys.  So, Carlos and I had absolutely no idea that

2:47PM  10  there was any motions to dismiss the 6859 case that's been

11  dismissed by Judge Geraci.

12       And in the Federal Rules of Civil Procedure, 12(c) is a

13  motion for judgment on the pleadings after the pleadings are

14  closed but early enough not to delay trial, a party may move

2:47PM  15  for judgment on the pleadings.

16       I don't understand what that means versus the summary

17  judgment for 56.  So he ruled it a summary judgment but the

18  motion was filed for a 12(c)?  I'm confused.  If you could

19  really explain that to me, I would greatly appreciate it.

2:47PM  20       **MAGISTRATE JUDGE PEDERSEN:**  Okay.  Federal Civil

21  Procedure 101.

22       Rule 12 involves motions to dismiss and it's decided

23  simply on the pleadings.  So, 12(b) is a motion to dismiss

24  because of some defect.  12(c) is similar in that it's a

2:48PM  25  motion for judgment based just on the pleadings; in other

6

2:48PM 1    words, there's no extraneous evidence, no affidavits, no

2    exhibits, no emails, just the complaint and the answer.  And

3    what the moving party alleges is that:  Look, Judge, all you

4    need to look at is the complaint and our answer and from

2:48PM 5    those two pieces of paper, you can decide this case in our

6    favor.

7        Summary judgment is a little different, in that you

8    bring in extraneous evidence, so perhaps a deposition

9    transcript.  Hey, we deposed Mr. Santiago and he admitted X,

2:48PM 10   Y and Z, see Pages 56 through 62 of the deposition

11   transcript.  That would be summary judgment.

12       Now, a judge can convert a motion to dismiss or a motion

13   for judgment on the pleadings to a motion for summary

14   judgment but the judge has to give notice to all the parties

2:48PM 15   that the judge is doing that and give time for everybody to

16   submit the paperwork that you'd need for a summary judgment

17   motion which is more extensive than one for judgment on the

18   pleadings.

19       **MS. LAFFREDO:**  And did that occur?

2:49PM 20       **MAGISTRATE JUDGE PEDERSEN:**  In what case.

21       **MS. LAFFREDO:**  In the 6859 case that's been closed.

22       **MAGISTRATE JUDGE PEDERSEN:**  I have no idea.

23       **MS. LAFFREDO:**  Mm-mm.  So, him dismissing it per Rule

24   56, which is a summary judgment, there's rules after that

2:49PM 25   that state that we have 28 days to respond regardless.

7

2:49PM   1        Is that the fact?

2            **MAGISTRATE JUDGE PEDERSEN:**  I believe you may be

3        referring to an appeal.

4            **MS. LAFFREDO:**  No.

2:49PM   5        **MAGISTRATE JUDGE PEDERSEN:**  To a response.  All right.

6        So what rule are you referring to that allows you a response

7        to a dismissal order?

8            **MS. LAFFREDO:**  Altering -- Rule 59:  New trial altering

9        or amending a judgment.

2:49PM  10        **MAGISTRATE JUDGE PEDERSEN:**  Ah, yes.  Essentially in

11        federal practice there's no rule that allows for

12        reconsideration of a judge's prior decision except through

13        that mechanism of Rules 59 and 60.  And, so, generally, those

14        two rules are used by litigants who are dissatisfied with the

2:50PM  15        judgment to ask the judge who made the decision to reconsider

16        that decision.

17            **MS. LAFFREDO:**  I'd like to do that.

18            **MAGISTRATE JUDGE PEDERSEN:**  You would have to do that in

19        front of the judge who made the decision.

2:50PM  20        **MS. LAFFREDO:**  Okay.  And it says within 21 days.  So

21        the 21st day would be August 27th which is Friday.  So I

22        don't know how soon we can get on the docket.  If not, we

23        need an extension because we are representing ourselves.

24            **MAGISTRATE JUDGE PEDERSEN:**  Yes.

2:50PM  25        **MS. LAFFREDO:**  That needs to be addressed immediately.

8

2:50PM   1    **MAGISTRATE JUDGE PEDERSEN:**  So, Mr. Bock, could you pull
         2    up the docket for the case we're talking about, 6859.
         3        What year was that case?
         4    **THE CLERK:**  I already pulled it up, your Honor,
2:50PM   5    19-CV-6859.
         6    **MAGISTRATE JUDGE PEDERSEN:**  Was that ever referred to a
         7    magistrate judge?
         8    **THE CLERK:**  Yes, your Honor.
         9    **MAGISTRATE JUDGE PEDERSEN:**  Which one?
2:50PM  10    **THE CLERK:**  Your Honor.
        11    **MAGISTRATE JUDGE PEDERSEN:**  Me.  Yes lucky me.
        12    **THE CLERK:**  I'll print a hard copy for you one moment.
        13    **MS. LAFFREDO:**  Also, if I might add, your Honor.
        14    **MAGISTRATE JUDGE PEDERSEN:**  Mm-mm.
2:51PM  15    **MS. LAFFREDO:**  Rule 61 is harmless error.  I'm not sure
        16    that it was very harmless.  But it says unless justice
        17    requires.  Otherwise, no error in admitting or excluding
        18    evidence or any other error by the Court, or a party, is
        19    grounds for granting a new trial for setting aside the
2:51PM  20    verdict, or vacating, modifying or otherwise disturbing the
        21    judgment or order.  At every stage of the proceeding, the
        22    Court must disregard all errors and defects that do not
        23    affect the party's substantial rights.
        24        First and foremost, none of the discovery was even
2:51PM  25    submitted from Mr. Noon and he did not adhere to the

2:52PM  1  scheduling order.  And he was just -- he was filing these

2  motions for I have no idea what reason.  But most of the

3  stuff that he said is in complete error.  Carlos', Carlos'

4  charges were not dismissed.  Carlos' charges were -- went to

2:52PM  5  trial, all three, and there was not guilty verdicts on all

6  three charges.

7      **MAGISTRATE JUDGE PEDERSEN:**  You don't need to argue the

8  substance of the motion before me because I'll have no input

9  on that.

2:52PM  10      **MS. LAFFREDO:**  Okay.

11      **MAGISTRATE JUDGE PEDERSEN:**  I understand what you're

12  saying.

13      **MS. LAFFREDO:**  Thank you.

14      **MAGISTRATE JUDGE PEDERSEN:**  Under Rule 6 it states, in

2:52PM  15  general, when an act may or must be done within a specified

16  time, the Court may, for good cause, extend the time.

17      And then it has subdivision (b):  A motion made after

18  the time is expired if the parties have failed to act because

19  of excusable neglect.  And number two, it says:  A Court must

2:52PM  20  not extend the time to act under Rules 50(b), and (d), 52(b),

21  59(b), (d) and (e), and 60(b).

22      So, the time to file a motion for a knew trial is 28

23  days that cannot be extended.

24      **MS. LAFFREDO:**  Okay.  So what do --

2:53PM  25      **MAGISTRATE JUDGE PEDERSEN:**  Under Rule 60 --

10

2:53PM    1    **MS. LAFFREDO:**  What do I have to do because the pro se

2    department -- that's also an issue -- they don't answer phone

3    calls.  They don't return messages.  Nobody's helping us and

4    we've reached out to them multiple times.

2:53PM    5    **MAGISTRATE JUDGE PEDERSEN:**  You called the pro se

6    assistance program?

7    **MS. LAFFREDO:**  Yes.

8    **MAGISTRATE JUDGE PEDERSEN:**  That's law students

9    supervised by law professors.

2:53PM    10    **MS. LAFFREDO:**  Yes.

11    **MAGISTRATE JUDGE PEDERSEN:**  So it's not as reliable as,

12    say, a regular law office.

13    I won't have time to find an attorney to represent you

14    before the end of the week so I suggest that you handwrite

2:53PM    15    out or type a notice of motion under Rule 59 and Rule 60 and

16    get it to the clerk before Friday.

17    **MS. LAFFREDO:**  Okay.  That's all I have to say at this

18    point because I don't want to talk any further about anything

19    else until that's submitted.

2:53PM    20    **MAGISTRATE JUDGE PEDERSEN:**  So you would submit a notice

21    of motion to the clerk and a copy to the opposing counsel.

22    And you'd ask the clerk to have the judge provide you with a

23    briefing schedule.

24    If the judge doesn't provide a briefing schedule, Rule 7

2:54PM    25    of the local rules provides that you have so many days to

11

2:54PM   1   reply.  So, you would file your motion papers.  Your opposing

2   counsel would get 14 days to respond to those motion papers.

3   And then you'd have time to reply to the response.  I don't

4   recall what the time is.  But local Rule 7 is available from

2:54PM   5   the website for the Court.

6       **MS. LAFFREDO:**  I have them printed out.  They're right

7   in front of me.

8       **MAGISTRATE JUDGE PEDERSEN:**  Oh, good.

9       **MS. LAFFREDO:**  Let me take a look right now.

2:54PM   10      **MAGISTRATE JUDGE PEDERSEN:**  Mr. Noon, Ms. Rodi, anything

11  you wanted to add to this conversation on the Rule 60 and

12  rule 59 issue?

13      **MR. NOONE:**  No, your Honor.  I'd prefer to wait to

14  see -- I'd need to look at the -- what the decision and order

2:55PM   15  provided, and then I'd like to see what the papers look like

16  in order to make a determination as to whether any of that

17  was accurate and whether I wanted to oppose the motion.

18      **MAGISTRATE JUDGE PEDERSEN:**  Okay.

19      **MS. LAFFREDO:**  It says at least seven days before the

2:55PM   20  date on which the memorandum is filed.  You want me to read

21  it out loud, all of it?

22      **MAGISTRATE JUDGE PEDERSEN:**  No, that's quite all right.

23      **MS. LAFFREDO:**  Okay.

24      **MAGISTRATE JUDGE PEDERSEN:**  As long as you know the

2:55PM   25  timing.

12

2:55PM    1          **MS. LAFFREDO:**  Yes.

        2          **MAGISTRATE JUDGE PEDERSEN:**  So you'd file your notice of

        3   motion and in there it also tells you what else you need to

        4   file in Rule 7.

2:55PM    5          **MS. LAFFREDO:**  Mm-hmm.

        6          **MAGISTRATE JUDGE PEDERSEN:**  And I'm looking at the

        7   docket sheet for case number 19-CV-6859.

        8          And at entry number 44 on July 30th, 2021, is a Decision

        9   and Order granting defendant's motion to dismiss for failure

2:56PM   10   to state a claim.  Plaintiffs' amended complaint is dismissed

       11   with prejudice.  The clerk is directed to enter judgment and

       12   close this case.

       13          So, it looks like it was under Rule 12 that Judge Geraci

       14   decided but I'd have to actually read his decision to see

2:56PM   15   what the basis for his decision was.

       16          **MS. LAFFREDO:**  Okay.  I have nothing further, your

       17   Honor.

       18          **MAGISTRATE JUDGE PEDERSEN:**  All right.  Have I answered

       19   all the questions that you did have so far.

2:56PM   20          (WHEREUPON, a discussion was held off the record.)

       21          **THE CLERK:**  Do you need a moment with side bar mikes?

       22          **MS. LAFFREDO:**  Yes.

       23          (WHEREUPON, a discussion was held off the record.)

       24          **MS. LAFFREDO:**  Can we proceed.

2:58PM   25          **MAGISTRATE JUDGE PEDERSEN:**  Certainly.

13

2:58PM  1      **MS. LAFFREDO:**  Okay.  When we were here on July 22nd,

2      there was a lot of confusion from all sides.  The county said

3      that she would make sure that the documents were unsealed for

4      the 6860 case, or it was the 6719 case from 2014.  In all

2:58PM  5      actuality, it was for the case that Geraci just made a

6      decision and order on, which is the 6895 case.  Yesterday was

7      three years from the arrest date so I'm not sure as to why it

8      hasn't been unsealed.

9          And I just want to reiterate that there's a lot of

2:59PM  10     confusion around all three cases.  Everybody speaks in

11     reference to one but it's the other one and then they speak

12     in reference to another one and it's in reference to another

13     one.  So, I think everybody needs clarification on what's

14     really going on.

2:59PM  15     **MR. SANTIAGO:**  Even you said it was a mess, the case was

16     a mess.

17         **MAGISTRATE JUDGE PEDERSEN:**  Well, when you say the case,

18     since we've got three cases we've been discussing, we're

19     going to have to identify which case we're talking about this

2:59PM  20     time.

21         **MR. NOONE:**  Your Honor, the unsealing order was for case

22     6860.  It was the case against Officer Renz.  That's still

23     pending.

24         6859 I believe is the one against Officer Williams,

2:59PM  25     Barnes and a few others.  That was the one that Judge Geraci

14

2:59PM

1   granted the 12(c) motion on.

2       What I'm waiting for if -- again, I apologize.  I had

3   these confused the last time myself.  The case that deals

4   with the arrests that occurred on October 16 of 2018 is the

3:00PM  5   one against Officer Renz.  That's the case that I obtained

6   unsealing orders for and I'm just waiting on the attorney for

7   the District Attorney's office from the County Law Department

8   to get the records for me.

9       Ms. Rodi mentioned last time that it was one of the

3:00PM  10  things that we had hoped we would have within a couple of

11  months.  So that's the case we're looking for this for.  The

12  other one is, it's currently dismissed.

13      The 6719 case relates to a traffic pursuit and to a stop

14  and to an allegation of excessive force that goes back to

3:00PM  15  March of 2012.  That's the earliest case, the 2014 case.  So

16  it actually is the most recent one from October of 2018, the

17  6860 case is where we have the unsealing orders in, and I'm

18  justed waiting for records.

19      **MAGISTRATE JUDGE PEDERSEN:**  Okay.  Now, if I remember

3:01PM  20  New York CPL 160.50 and 160.55, the defendant himself could

21  get the records just by walking into the office and saying I

22  want them; there would be no need to unseal them get a

23  judge's order and so forth, right?

24      **MS. RODI:**  Your Honor, the District Attorney, under the

3:01PM  25  recommendation of the County Attorney's Office, has taken the

15

3:01PM  1   position that even documents that are sealed by operation of

2   law require an unsealing order.  Because it's by operation of

3   law, it doesn't have to be from the same judge that the

4   initial, that, you know, granted the initial order.  But we

3:01PM  5   have been requiring, even in just regular document subpoenas

6   that have been provided that are so ordered, an unsealing

7   order on top of that.

8      **MAGISTRATE JUDGE PEDERSEN:**  So if a defendant in a

9   criminal case and it resolves with an ACD and it's sealed

3:02PM  10  after that, I can't walk into the department and say I want a

11  copy of the police report from my case?

12     **MS. RODI:**  That's correct, your Honor.  You, you -- it's

13  very easy obtainable to get the unsealing order.  All you

14  need to do is submit an affidavit to the court.  But the

3:02PM  15  clerk's office and or the District Attorney's office requires

16  an unsealing order.

17     **MAGISTRATE JUDGE PEDERSEN:**  Got it, okay.  So,

18  Ms. Laffredo, what was your question concerning the sealing?

19     **MS. LAFFREDO:**  Just the confusion, the overall confusion

3:02PM  20  between all three cases.

21     **MR. SANTIAGO:**  Nobody could get it right.

22     **MAGISTRATE JUDGE PEDERSEN:**  All right.

23     **MS. LAFFREDO:**  The information.

24     **MAGISTRATE JUDGE PEDERSEN:**  So we've been talking about

3:02PM  25  unsealing some records in a case where there was an acquittal

16

| | | |
|---|---|---|
| 3:02PM | 1 | or a finding of not guilty and that's what Mr. Noon was |
| | 2 | talking about with regard to case 6860. |
| | 3 | Am I right, Mr. Noon? |
| | 4 | **MR. NOONE:**  Yes. |
| 3:02PM | 5 | **MS. LAFFREDO:**  Mm-hmm. |
| | 6 | **MAGISTRATE JUDGE PEDERSEN:**  So he has applied to the |
| | 7 | county for an order unsealing those records.  And the -- |
| | 8 | **MS. LAFFREDO:**  Can we. |
| | 9 | **MAGISTRATE JUDGE PEDERSEN:**  -- county judge has to act |
| 3:03PM | 10 | on that request.  Once the county judge acts on that request, |
| | 11 | then the District Attorney's office will pull out the records |
| | 12 | and give Mr. Noon a copy and he'll provide that to you. |
| | 13 | **MS. RODI:**  Your Honor, it's our understanding that the |
| | 14 | unsealing order has actually been obtained.  There is an |
| 3:03PM | 15 | order -- it's with the District Attorney's office.  It's just |
| | 16 | a matter of them being able to order the files -- some of |
| | 17 | these are older files -- and review them and do any necessary |
| | 18 | redactions and do the production. |
| | 19 | **MAGISTRATE JUDGE PEDERSEN:**  So in our situation here in |
| 3:03PM | 20 | the federal courts, we send paper files out to an archive in, |
| | 21 | I don't know, Missouri or some place.  So if it's an old |
| | 22 | file, it may have been moved offsite and they may to order it |
| | 23 | from the storage site to be brought back to Rochester.  I |
| | 24 | don't know what the situation is but could one of you two |
| 3:03PM | 25 | attorneys follow up and give me an estimate of when the |

17

3:03PM   1   District Attorney believes they'd be able to clear the papers

2   and send them over.

3   **MS. RODI:**  Yes, your Honor.

4   **MAGISTRATE JUDGE PEDERSEN:**  Great.

3:03PM   5   **MR. SANTIAGO:**  One more question, your Honor.

6   **MAGISTRATE JUDGE PEDERSEN:**  Did you say.

7   **MR. SANTIAGO:**  I'm sorry.  Go ahead.

8   **MAGISTRATE JUDGE PEDERSEN:**  Any of these sealed matters

9   concerned the case that was dismissed.

3:04PM   10   **MR. NOONE:**  No, your Honor.  There was strictly the most

11   recent case against Officer Renz.

12   **MAGISTRATE JUDGE PEDERSEN:**  Okay.

13   **MR. NOONE:**  I submitted them, I think, to your Honor and

14   it suggested that because it wasn't a federal criminal

3:04PM   15   matter, that I'd have to go through the state court system.

16   I did that.  I got the orders and they've been there for, I

17   won't blame anybody but it's been a while but then again it's

18   been kind of a chaotic year so we can get a fore coast of

19   when it might be they might be produced.

3:04PM   20   **MAGISTRATE JUDGE PEDERSEN:**  I'm sorry.  Mr. Santiago, I

21   cut you off.

22   **MR. SANTIAGO:**  I wanted to ask you a question, your

23   Honor.  What's the difference between dismiss and not guilty?

24   **MAGISTRATE JUDGE PEDERSEN:**  Ah.  Well, I could end up

3:04PM   25   dismissing a case because the paper that's brought before me

18

3:04PM  1    is insufficient to show probable cause that the charge should

2    be laid so I can say this is insufficient.  I'm dismissing it

3    for that reason.  But the DA could come back, or in my case

4    the U.S. attorney, could come back with a more complete

3:04PM  5    complaint and then that wouldn't be dismissed.

6         Not guilty finding is a finding after a trial, after

7    somebody's testified and either a jury's heard the case or a

8    judge sitting, instead of the jury, has heard the case and

9    said, no, the government has failed in its efforts to prove

3:05PM  10   this case and under the Sixth Amendment, then that case can't

11   be brought again.

12        **MR. SANTIAGO:**  Okay.  So on the Gary Cook case, it was

13   not guilty.  So I just have a question.  Can you, can you

14   move forward on a case for dismissal if you don't have the

3:05PM  15   files and the paperwork because they never opened the case to

16   get the paperwork?

17        **MAGISTRATE JUDGE PEDERSEN:**  So are we talking about 6859

18   again?

19        **MR. SANTIAGO:**  I'm confused with the numbers.

3:05PM  20        **MS. LAFFREDO:**  (Nodding.)

21        **MR. SANTIAGO:**  She's good with the numbers.

22        **MAGISTRATE JUDGE PEDERSEN:**  On the 6859 I don't know

23   anything about review of the dismissal, in this review any of

24   the papers or the judge's decision so I'm afraid I can't

3:05PM  25   answer any questions on the reasons for dismissing 6859.

19

3:05PM 1    **MS. LAFFREDO:**  Your Honor, if I may.  And why is that?

2    Why did you not have knowledge that this was going on?

3        **MAGISTRATE JUDGE PEDERSEN:**  Magistrate --

4        **MS. LAFFREDO:**  I didn't have knowledge, either, from my

3:06PM 5    attorneys.  That's why we asked them to be withdrawn because,

6    there was no communication, he was filing things that we

7    didn't even agree to.

8        **MAGISTRATE JUDGE PEDERSEN:**  The reason I wouldn't have

9    knowledge is because under the statute that gives me power to

3:06PM 10   act on a case, a District Judge has jurisdiction over the

11   case and can refer it to me for one of two reasons:  One to

12   do anything except dispositive motions or, two, to do

13   everything in the case but in dispositive motions I do a

14   report back to the District Judge and the District Judge

3:06PM 15   would either accept my report or not.  When the cases get

16   referred to me on the civil side, routinely in Rochester,

17   they're only referred for nondispositive matters so any

18   dispositive motion that gets filed in a case I ignore because

19   I can't do anything with it.

3:06PM 20       **MS. LAFFREDO:**  And that's what it is, a dispositive

21   motion?

22       **MAGISTRATE JUDGE PEDERSEN:**  Yes.

23       **MS. LAFFREDO:**  I understand now.

24       **MAGISTRATE JUDGE PEDERSEN:**  It's a motion to dismiss to

3:07PM 25   get rid of the case so it's dispositive.

20

3:07PM    1      **MS. LAFFREDO:**  Thank you for that clarification.

          2      **MAGISTRATE JUDGE PEDERSEN:**  You're welcome.  Before you

          3      finish with these cases, you have enough of an education to

          4      sit for the bar exam.

3:07PM    5      **MS. LAFFREDO:**  I'm not sure.

          6      **MAGISTRATE JUDGE PEDERSEN:**  Real you're getting close.

          7      **MS. LAFFREDO:**  I appreciate your compliment.

          8      **MAGISTRATE JUDGE PEDERSEN:**  I think in an accredited law

          9      school.  It used to be you could sit after just sitting in a

3:07PM   10      law office and being an apprentice and now you have to have I

         11      think it's a year of school first and then you can sit for

         12      the bar exam.

         13      **MS. LAFFREDO:**  Well, thank you for that information,

         14      also.

3:07PM   15      **MAGISTRATE JUDGE PEDERSEN:**  You're welcome.

         16      **MS. LAFFREDO:**  Because of the extent, I guess, I don't

         17      know -- no, I don't want to say it that way.  I don't know

         18      how to get in front of not just Judge Geraci, Honorable

         19      Geraci.  He was the chief judge.  He's not now.  Ms.

3:08PM   20      Elizabeth -- I'm not sure what her last name is.

         21      **MAGISTRATE JUDGE PEDERSEN:**  Wolford.

         22      **MS. LAFFREDO:**  Wolford.  So Honorable Wolford and

         23      Honorable Geraci and yourself, Honorable Pedersen, is it

         24      possible that we all could be in a courtroom at the same

3:08PM   25      time?

21

3:08PM 1    **MAGISTRATE JUDGE PEDERSEN:**  Not likely.  This case,

2    6859, as well as the other two cases that are still pending,

3    are all assigned to Judge Geraci.

4        **MS. LAFFREDO:**  Okay.

3:08PM 5    **MAGISTRATE JUDGE PEDERSEN:**  So Judge Wolford would not

6    act on them.  Even though she's the chief judge, she's the

7    can chief judge for administrative matters but as far as case

8    assignments go, those are still randomly made except where

9    the judge is handling a case with one party who files a new

3:08PM 10   case.  So, since all these cases are filed by the same

11   plaintiff, they all got assigned to one District Judge.  And

12   then that one District Judge assigns or refers the matter to

13   one magistrate judge so that's why Judge Payson is not

14   involved either.

3:09PM 15   **MS. LAFFREDO:**  Understood.  So, because Honorable Geraci

16   was the chief at the time and assigned the certain portions

17   to you as a magistrate judge, he was reviewing everything any

18   way, correct, or she didn't -- so she doesn't review any

19   cases?

3:09PM 20   **MAGISTRATE JUDGE PEDERSEN:**  Nope.  This is not Judge

21   Wolford's case so she would not review anything.

22   **MS. LAFFREDO:**  Okay.

23   **MAGISTRATE JUDGE PEDERSEN:**  What happens is if I make a

24   decision, it goes to him for review, if you object to my

3:09PM 25   decision, and there's a standard he has to apply.  If I make

22

3:09PM   1   a report and recommendation, it goes to him for decision.

2   Any decisions he makes on either reports and recommendations

3   or on reviews of my decision would go to the Second Circuit

4   court of appeals not to Judge Wolford.

3:09PM   5       **MS. LAFFREDO:**  Okay.  And what does she, what is her

6   position as a chief judge?  She's just labeled the chief

7   magistrate of the United States Western District Court of

8   New York?  What, what, what does that mean?

9       **MAGISTRATE JUDGE PEDERSEN:**  She's the chief judge.  So

3:10PM   10   for administrative matters.  If, for example, if we're going

11   to be firing personnel, she'd be involved.  For policy issues

12   she'd be involved.  For disbarment of an attorney, she'd be

13   the one involved.  So for most of the administrative matters

14   that concern the entire court, she'd be involved.  In

3:10PM   15   individual cases it still belongs to that judge to whom it's

16   been assigned.

17       **MS. LAFFREDO:**  Thank you.

18       **MAGISTRATE JUDGE PEDERSEN:**  So what other motioners are

19   pending in either of these cases?

3:10PM   20       **MS. RODI:**  Your Honor, this is a 12(c) motion pending on

21   behalf of the county in the 6719 case.

22       **MAGISTRATE JUDGE PEDERSEN:**  So are you aware of the

23   12(c) motion pending?

24       **MS. LAFFREDO:**  Yes.  When we spoke when we were here on

3:11PM   25   July 22nd, I did write a letter to Honorable Geraci asking

23

3:11PM  1    for an extension.  I have not heard back so we could file a

2    response in opposition to that.

3         THE CLERK:  That's ECF 121, your Honor.

4         MAGISTRATE JUDGE PEDERSEN:  Thank you.  Let me take a

3:11PM  5    look.  Okay, yeah, I see that the judge has not acted on your

6    request.  That motion is pending before him.  He has not

7    referred it to me.

8         But I'm going to deal with the motion on appointment of

9    pro bone mow counsel and that will probably affect his

3:12PM  10   decision.  So I'll let his chambers know that I'm going to do

11   that so that they're aware and they can make him aware and he

12   can say, oh, well in that case I'm going to hold off until

13   you have lawyers.

14        MS. LAFFREDO:  Thank you, your Honor.

3:12PM  15        MAGISTRATE JUDGE PEDERSEN:  Anything else?

16        MS. LAFFREDO:  Nothing further.

17        MAGISTRATE JUDGE PEDERSEN:  Nothing from Ms. Laffredo.

18        How about you, Mr. Santiago, anything further?

19        MR. SANTIAGO:  No, not at the time moment.

3:12PM  20        MAGISTRATE JUDGE PEDERSEN:  Okay.  Mr. Noon.

21        MR. NOONE:  No, your Honor.  Thank you.

22        MAGISTRATE JUDGE PEDERSEN:  Miss Rodi.

23        MS. RODI:  No, your Honor.  Thank you very much.

24        MAGISTRATE JUDGE PEDERSEN:  Okay.  So I sense your

3:12PM  25   disappointment because I can't do anything with regard to

24

3:12PM  1    6859 including extending the time.  So I suggest you make

        2    your motion quickly and that you include in there that you're

        3    applying for pro bono counsel in these two cases and you're

        4    asking, maybe you want to ask Judge Geraci to appoint pro

3:12PM  5    bono counsel in 64859 as well but that will be up to him to

        6    decide because that's out of my hands, as well.

        7         **MS. LAFFREDO:**  Thank you, your Honor.

        8         **MAGISTRATE JUDGE PEDERSEN:**  Thank you, everybody.

        9         **MS. LAFFREDO:**  Have a blessed day.

3:13PM  10        **MAGISTRATE JUDGE PEDERSEN:**  You, too.

        11        (WHEREUPON, proceedings were adjourned.)

        12

        13

        14

        15

        16

        17

        18

        19

        20

        21

        22

        23

        24

        25

Revised 05/01 WDNY

**AFFIRMATION OF SERVICE**

(If you are **not** having your signature notarized, use this form)

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_Carlos A. Santiago_
_Melissa A. Laffredo_,

Plaintiff(s),

v.

_City of Rochester, et. al._

Defendant(s).

AFFIRMATION OF SERVICE

6:19 -CV- 6859

I, (print your name) _Carlos A Santiago_ _Melissa A Laffredo_, served a copy of the attached papers (state the name of your papers) _Motion to Reverse Judgement_

_____

_____

upon all other parties in this case

by mailing [          ]   by hand-delivering [   X   ] (check the method you used)

these documents to the following persons (list the names and addresses of the people you served) _City of Rochester_

_~~Not Cited~~ Mr. Noone for City + all officers (et. al.)_

_____

_____

_____

on (date service was made) _8/27/21_

I declare under penalty of perjury that the foregoing is true and correct, to the best of my knowledge, information and belief.

Executed on _8/27/21_  _Melissa S. Laffredo_
(date)                          (your signature)