UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CARLOS SANTIAGO, et al.

                         Plaintiffs,

v.                                           Case # 19-CV-6859-FPG

                                             DECISION AND ORDER

CITY OF ROCHESTER POLICE
DEPARTMENT, et al.,

                         Defendants.

## INTRODUCTION

On July 30, 2021, this Court issued a Decision and Order granting Defendants' Motion for Judgment on the Pleadings and dismissing Plaintiffs' Amended Complaint. ECF No. 44. On August 27, 2021, the Court received Plaintiffs' Motion to Reverse the July 30, 2021 Decision and Order pursuant to Federal Rules of Civil Procedure 59 and 60. *See* ECF No. 49. Specifically, Plaintiffs assert that the Decision should be reversed on the grounds that they were unaware of the pending motions or their prior attorney's response in opposition to the motion. *See id.* at 2. Moreover, Plaintiffs argue that Defendants are "in default," for not adhering to the proposed discovery plan. *Id.* at 3. For the reasons set forth below, Plaintiffs' motion is DENIED.

## DISCUSSION

Rule 59 of the Federal Rules of Civil Procedure provides that "[t]he court may, on motion, grant a new trial on all or some of the issues." Fed. R. Civ. P. 59. Plaintiff asserts that pursuant to Rule 59(a)(2)—"[a]fter a nonjury trial, the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment"—this Court's

Decision should be reversed. However, this rule is inapplicable to the circumstances present here as the Decision of the Court was rendered based on the pleadings alone. There was no trial, testimony, or evidence from outside the pleadings.

Rule 60 of the Federal Rules of Civil Procedure, however, may provide Plaintiffs with the proper vehicle under which to file such a motion. Indeed, construing Plaintiffs' motion liberally, they assert that pursuant to Rule 60(b)(1) and (3)—which provides for relief due to (1) mistake, inadvertence, surprise, or excusable neglect, or (3) fraud, misrepresentation, or misconduct—they are entitled to relief from the Court's Decision. Particularly, they claim that they were not aware of the pending motions due to a lack of communication from their prior attorneys and that Defendants violated discovery plans by failing to provide them with responses to interrogatories and document requests. ECF No. 49 at 3.

While Plaintiffs assert that they were unaware of the pending motions, their counsel filed a lengthy memorandum in opposition on their behalf. *See* ECF No. 23. Moreover, in Plaintiffs' subsequent letter requesting counsel be removed from the case, Plaintiffs acknowledged the pending motion for judgment on the pleadings and the response filed in opposition by their counsel. ECF No. 25 at 2. Thus, this argument claiming lack of awareness is simply contrary to Plaintiffs' own statements. Plaintiffs' assertions regarding the lack of discovery fares no better. Indeed, this Court made clear that no submissions outside of the Complaint and Answer were considered in rendering the Decision and Order. *See* ECF No. 44 at 5. As such, whether Plaintiffs had access to all the discovery they initially requested is not relevant to the Court's ultimate finding here.

Finally, Plaintiffs claim that under 28 U.S.C. § 1655, they are entitled to relief. This assertion fails for a variety of reasons. First, this claim is not a lien enforcement action to which that statutory provision applies. Second, even if this was a lien enforcement action, Plaintiffs are

2

not absent defendants nor are they analogous to such despite their claim that they were not aware of the filing of the motion. Rather, an absent defendant is a party who either cannot be served or does not voluntarily appear. Not only are Plaintiffs aware of and have appeared in this action—as they initiated it—but they recognized in their own submissions to the court of the pending motion. Therefore, this statute is inapplicable.

## CONCLUSION

For the reasons set forth above, Plaintiffs' Motion to Reverse Judgment, ECF No. 49, is DENIED.

SO ORDERED.

Dated: September 23, 2021
       Rochester, New York

                                      HON. FRANK P. GERACI, JR.
                                      United States District Judge
                                      Western District of New York